IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SWIFT,<br><br>          Plaintiff,<br><br>vs.<br><br>ANGIE WILLIAMS, (Nebr. Family Cooperitive);<br><br>          Defendant. | 8:17CV331<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Charles Swift filed his Complaint (Filing No. 1) on September 11, 2017, and has been granted leave to proceed in forma pauperis (Filing No. 5). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that Defendant Angie Williams ("Williams") of Nebraska Family Cooperative ("NFC") kidnapped Plaintiff's infant son in March 2017.[1] Plaintiff further alleges that illegal testing for drugs was performed on the child with no illegal drugs found. Plaintiff also claims that he was tested for illegal drugs with negative results, but does not claim that such testing was illegal. Plaintiff seeks damages for the kidnapping in the amount of $100 million.

---

[1] The court notes that Plaintiff has filed similar claims in the past regarding another of his children. *See Swift v. Laramie, et al.*, Case No. 4:14-cv-3185-JMG-PRSE (dismissed without prejudice on May 6, 2015, for failure to file amended complaint); *Swift v. Adams, et al.*, Case No. 8:15-cv-327-RGK-PRSE (dismissed without prejudice on May 16, 2016, for failure to file amended complaint); *Swift v. Laramie, et al.*, Case No. 8:15-cv-334-RGK-PRSE (dismissed without prejudice on March 2, 2016, for failure to file amended complaint).

Plaintiff has attached several documents to his Complaint. These documents reflect, among other things, that a petition filed in the Separate Juvenile Court for Douglas County, Nebraska, with respect to Plaintiff's infant son was dismissed without prejudice on July 17, 2017, and the Nebraska Department of Health and Human Services was relieved of all responsibility for the child at that time. ([Filing No. 1 at CM/ECF p.5](#).) Plaintiff alleges he received custody of the child on or about May 23, 2017. (*[Id.* at CM/ECF p.3](#).)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* [28 U.S.C. § 1915(e)](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *[Bell Atlantic Corp. v. Twombly](#)*, 550 U.S. 544, 569–70 (2007); *see also [Ashcroft v. Iqbal](#)*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *[Topchian v. JPMorgan Chase Bank, N.A.](#)*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *[Hopkins v. Saunders](#)*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *[Topchian](#)*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here seeks to allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff alleges his child was taken by Williams without "jurisdiction, power of authority, [or] authorization by any court." (Filing No. 1 at CM/ECF p.1.) Plaintiff fails to allege that Williams was acting under color of state law. Even assuming that William's conduct was "fairly attributable to the state," so that she can be sued as a state actor under § 1983, *see Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012), the facts alleged are not sufficient to state a claim for relief.

"The Due Process Clause provides that no State shall . . . deprive any person of life, liberty, or property, without due process of law. . . . Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405–06 (8th Cir. 2012). "Parents have a recognized liberty interest in the care, custody, and management of their children." *Whisman Through Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997). However, "[t]hat liberty interest 'is limited by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves.'" *Id.* (quoting *Myers v. Morris*, 810 F.2d 1437, 1462 (8th Cir. 1987)). "In cases in which continued parental custody poses an imminent threat to the child's health or welfare, emergency removal of children without a court order is constitutionally permitted." *K.D. v. Cty. of Crow Wing*, 434 F.3d 1051, 1056 (8th Cir. 2006). However, when a defendant's action is proportional to his or her

reasonable belief that a minor child faces the threat of immediate harm, no constitutional violation occurs. *Id.*

Here, Plaintiff alleges that Williams kidnapped his child as "directed" by NFC. ([Filing No. 1 at CM/ECF p.1](#).) Plaintiff's allegations are entirely conclusory and lack factual support sufficient to state a due process claim regarding his kidnapped infant. Even when liberally construed, Swift's claims are simply too vague and conclusory to state a claim for relief. *See Iqbal*[, 556 U.S. at 678](#) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Additionally, it is clear from Plaintiff's allegations and filings that his son's care and custody was the subject of a juvenile court case in the Douglas County Juvenile Court. ([Filing No. 1 at CM/ECF p.5](#).) Plaintiff admits he now has custody of his son, and he has given no indication that any challenges he may have to the proceedings cannot or did not receive a full and fair determination in state court.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted and is therefore subject to summary dismissal under [28 U.S.C. § 1915(e)(2)](#). However, on the court's own motion, Plaintiff will be given 30 days in which to amend the Complaint to clearly state a claim upon which relief may be granted against Defendant Williams.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days to file an amended complaint that states a claim upon which relief may be granted against Defendant Angie Williams.

Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: **January 8, 2018**: check for amended complaint.

Dated this 8th day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge